# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20540

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2014

Lyle W. Cayce
Clerk

SHANNON DOUTHIT,

Plaintiff-Appellant

v.

K. DEAN, Assistant Warden; UNIT ASSISTANT WARDEN D. MOONEYHAM; VOLGELSANG; NURSE RAMSEY; CAREY S. STAPLES; MONICA SUAREZ; CAPTAIN GARY J. CURRY; SANDRA MURPHY; DIRECTOR OF PERSONNEL CHERYL LAWSON; LINDA RICHEY; BRUCE ARMSTRONG; OLIVER J. BELL; ROBERT HERRERA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2345

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Shannon Douthit, Texas prisoner # 453033, seeks leave to proceed in forma pauperis (IFP) in his interlocutory appeal from the denial of a motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1). After bringing an action against various prison officials under 42 U.S.C. § 1983 and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20540

Americans with Disabilities Act, Douthit moved the district court for a preliminary injunction to require his prison "to provide an adequate law library or provide plaintiff counsel." He asserted that a library supervisor had begun removing law books from the shelves and that inmates were restricted from using the library's sole computer. According to Douthit, the removal of the books was a denial of access to the courts that would "cause immediate irreparable harm in this cause of action."

The district court's denial of a motion for a preliminary injunction is an immediately appealable interlocutory order, and this court has jurisdiction over such an appeal. *See Byrum v. Landreth*, 566 F.3d 442, 444 (5th Cir. 2009); § 1292(a)(1). A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum*, 566 F.3d at 445 (internal quotation marks and citation omitted). "[T]he ultimate decision whether to grant a preliminary injunction is reviewed only for abuse of discretion." *Id.* (internal quotation marks and citation omitted). However, "a decision grounded in erroneous legal principles is reviewed de novo," as is a preliminary injunction that "turns on a mixed question of law and fact." *Id.*

While Douthit's motion alleged that the library's deficiencies would cause immediate harm to his case, he did not specify how the case would be harmed. For example, he did not allege that he was unable to draft an adequate complaint or other pleading without the missing volumes. Although he did assert that the removal of the books affected his ability to research his

claims, there is no constitutional right to "be able to conduct generalized research." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Nor did the record suggest that the removal of the books affected Douthit's ability to present his grievances to the district court. Douthit used a form complaint for claims under § 1983 that elicited relevant facts. When the district court identified deficiencies in his claims, it allowed him to submit a more definite statement by answering detailed questions provided by the court. In sum, Douthit failed to show an actual injury as required to succeed on an access to courts claim. *See Lewis*, 518 U.S. at 351-53, 360. Because he did not establish a substantial likelihood of success on the merits of his access to courts claim, the district court did not err in denying the preliminary injunction. *See Byrum*, 566 F.3d at 445.

Douthit also asserts that the district court violated 28 U.S.C. § 1915(b)(1)-(3) and the Due Process Clause by ordering him to pay the $450 filing fee immediately instead of ordering partial payments. The district court correctly acknowledged that Douthit must pay the full filing fee. *See* § 1915(b)(1). It did not expressly order immediate payment of the full fee, and only partial payments are being deducted from Douthit's account in accordance with § 1915(b). This argument presents no nonfrivolous issue.

For these reasons, the instant appeal does not involve legal points arguable on their merits. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.